

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
XXXXXXXXXXXXXXXXXD
ATTORNEY GENERAL

**AUSTIN 11, TEXAS**

Honorable C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:     Opinion No. 0-2116

> Re:  (1) May the board of trustees
> of an independent school dis-
> trict hire a secretary, who
> is not a trustee, and pay him
> a salary?
> (2) May the assessor of taxes
> for an independent school dis-
> trict legally be paid more
> than two (2) per cent of the
> taxes assessed? If so, under
> what circumstances?

We have carefully considered your request for the opinion of this department touching the questions stated above.

In discussing your first question, we shall first analyze the opinion in the case of Board of Trustees of Independent School District of Houston v. Dow, 63 S. W. 1027, (writ of error denied).

This case involved a suit instituted against the Board of Trustees of the Independent School District of Houston (appellants) to restrain them from paying a salary to two members of the Board who were serving as secretary and treasurer, respectively, thereof. It was agreed that if such members could be legally paid compensation as such, the salary fixed was reasonable for the services incident to the positions.

For the statutory background to the decision, we quote as follows from the opinion of the court at page 1028:

> "The appellants were elected and hold their
> offices as school trustees in accordance with an
> act of the legislature approved February 21, 1900
> (Gen. Laws 1st Called Sess. 26th Leg. p. 18).
> Section 1 of the act provides that seven trustees
> shall be elected, who 'shall constitute the school
> board of such independent district, and all of
> whom shall serve without compensation.'  Section 4
> provides that:  'The trustees chosen under this
> act shall meet within twenty days after their
> election, or as soon thereafter as possible, for
> the purpose of organizing.  A majority of said
> board shall constitute a quorum to do business,
> and they shall choose a president, secretary,
> treasurer and other necessary officers and committees
> By section 6 the board is vested with the power to
> adopt such rules, regulations, and by-laws as they
> may deem proper, and the public free schools of the
> district are placed under their control, and they
> are given the exclusive power to manage and govern
> the schools.  By an act approved June 23, 1897 (Gen.
> Laws. Sp. Sess. p. 48), amended by the act of June
> 6, 1899, (Gen. Laws 1899, p. 329), to regulate and
> limit the expenditure of state, county, and local
> school funds, the local school fund may be used in
> addition to the purposes enumerated for state and
> county funds; also for 'purchasing appliances and
> supplies, for the payment of insurance premiums,
> janitors and other employes, for buying school sites,
> buying, building, and repairing and renting school
> houses, and for other purposes necessary in the con-
> duct of the public schools to be determined by the
> board of trustees.'  . . ."

The court held that the salaries could not be legally
paid and we quote the following excerpts from the opinion which
demonstrate the reasoning of the court:

> "It is clear from the language of the law that
> the secretary and treasurer must be members of the
> board. . . . Their duties as officers cannot be dif-
> ferentiated from their general duties as trustees, so
> as to entitle them to compensation. . . . There is no
> specific provision of law fixing salaries to the offices
> of secretary and treasurer of a board of school trustees,
> and if the secretary and treasurer of the appellant board
> are entitled to receive salaries, authority must be found

in the law for the board to fix them. Looking to the statutes, no express authority is found, but on the contrary, there is an express prohibition of compensation to all the members of the Board of trustees. . . . It would be against a well-settled rule of public policy to allow it to pay money to its own members under the guise of compensation for extra-official duties. . . But, even if the duties of the secretary and treasurer should be regarded as distinct from their duties as trustees, what authority has the board for allowing them salaries out of the school funds? Such authority must be found in the plain purpose of the law. It must be granted. It cannot be implied from general language giving the trustees exclusive power to manage and govern the schools. . . . ."

The only significant change in the statute relating to the subject at hand pertains to the choosing of the officers of the board; the powers invested in the board, with reference to the expenditure of school funds, are essentially the same in the statutes today.

The statute as enacted in 1900, pertaining to the choosing of the officers of the board, (shown in the quoted excerpt from the opinion of the court), read: "A majority of said board shall constitute a quorum to do business, and they shall choose a president, secretary, treasurer and other necessary officers and committees"; whereas, the statute now reads: ". . . They shall choose from their number a president; and they shall choose a secretary, a treasurer, assessor and collector of taxes, and other necessary officers and committees" (Acts 1905, 29th Legislature, ch. 124, par. 165, p. 306; Article 2779, Revised Civil Statutes).

It will be observed that the statute as it formerly read, and as before the court in the case under discussion, required the officers of the board, including the secretary to be members thereof; whereas, the statute as it now reads, while requiring the president to be a member of the board, does not specifically require the secretary, and other officers named, to be a member. The adoption of the new terminology would seem to establish a clear legislative intent not to thereafter require the secretary, and the other officers named, to be members of the board of trustees.

Moving from this proposition; namely, that the statute does not now require the secretary of the board to be a member thereof, we further analyze the cited case under discussion to ascertain if this case is, notwithstanding the statutory change, still determinative of the question before us.

The opinion, as shown by the quoted excerpts, was grounded primarily on the proposition that the secretary was a member of the board, his duties in filling such office of secretary could not be differentiated from his general duties as a trustee, and it would therefore be opposed to public policy to allow payment of money to a member of the board under the guise of compensation for extra-official duties; secondarily, on the proposition that, none the less, no authority for paying such salary is found in the statutes.

A thoughtful study of the case compels the conclusion that the controlling proposition in the mind of the court, from which the opinion cannot be divorced, was that to imply the power of the board to compensate its member-secretary (or treasurer) would be violative of the express statutory prohibition against a member of the board receiving compensation, as well as contrary to public policy. The case is not, in our opinion, authority for the proposition, when the statutory basis of this proposition has been removed, that the authority of the board to compensate its non-member secretary may not reasonably be implied from the grant of power in Article 2827, Revised Civil Statutes, which reads, in part:

"... Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for state and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employees, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the board of trustees. . . ." (Emphasis ours)

It is observed that the court did not discuss the broad grant of power appearing in Article 2827, supra, underscored above. Moreover, we are constrained to the opinion that this department cannot rule, categorically, under the language of this statute, that under no state of facts would the employment of a non-member secretary by the board of trustees of an independent school district be legally allowable under this broad grant of power. Rather, it is our opinion that facts may exist rendering it reasonable, proper and necessary, in the conduct of the schools, for the board of trustees to choose a non-member secretary, and provide compensation for such officer in a sum commensurate with the duties incident thereto. We particularly emphasize, however, that, in our opinion, the courts of Texas would carefully protect the people from an abuse of this implied power of the board, and would sanction no such expenditure of school funds except upon a clear showing of the reasonableness and necessity therefor.

Your second question, we believe, is resolved by Article 2791, Revised Civil Statutes, which reads, in part, as follows:

". . . It shall be within the discretion of the board of trustees of any independent school district to name an assessor of taxes who shall assess the taxable property within the limits of the independent school district within the time and in the manner provided by existing laws, in so far as they are applicable, . . . the said assessor of taxes shall receive a fee or two per cent of the whole amount of taxes assessed by him and as shown by the completed certified tax rolls."

We know of no statute that would allow an assessor of taxes of an independent school district, as distinguished from the district assessor and collector of taxes, to receive a fee in excess of two per cent of the whole amount of taxes assessed by him, as provided in the foregoing statute. Your second question is therefore respectfully answered in the negative.

Trusting that we have satisfactorily answered your inquiry, we remain,

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  /s/ Zollie C. Steakley
Zollie C. Steakley
Assistant

ACS:LM:mjs
APPROVED APR 17, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY /s/ BWB
Chairman